USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 05/14/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

IVAN TO MAN PANG,

                Plaintiff,

-vs-

CUSHMAN & WAKEFIELD U.S., INC., ANTHONY YE, WILLIAM CARLEY and RENAE STOKKE,

                Defendants.

------------------------------------------------------------------X

No. 1:20-cv-10019 (AJN)(SN)

## CONFIDENTIALITY AGREEMENT AND ORDER

Plaintiff, Ivan To Man Pang ("Plaintiff"), and Defendants Cushman & Wakefield U.S., Inc. ("Cushman & Wakefield), Anthony Ye, William Carley and Renae Stokke (hereinafter collectively "Defendants"), hereby agree to conduct discovery of the present case in accordance with this Confidentiality Agreement and Order (hereinafter the "Agreement"), which is as follows:

### SCOPE

1.     This Agreement shall govern any designated record of testimony given at any deposition in this litigation, as well as all designated answers, documents and other discovery materials produced by the parties, or by non-parties, whether informally or in response to interrogatories, requests for admissions, subpoenas *duces tecum*, or requests for production of documents, now pending or served hereafter, and any information obtained therefrom.

### DESIGNATIONS

2.     Any party to this action shall have the right to designate as "CONFIDENTIAL" any information, paper record, document, material, thing, or Electronically Stored Information (hereinafter "ESI") it believes to constitute confidential or proprietary information, confidential business or technical information and/or trade secrets relating to its business, personnel

information, and medical information, regardless of whether or not that party produced the material at issue. "CONFIDENTIAL INFORMATION" means any type or classification of paper record or other tangible thing that is designated physically or electronically, or on the record, as "CONFIDENTIAL," whether it is a computer file, document, information revealed in an interrogatory answer, admission, deposition, or otherwise. In designating ESI, paper records or other tangible things produced as "CONFIDENTIAL," a party will make such designation only as to that information that it in good faith believes can be designated as such.

3. The party producing and designating information as "CONFIDENTIAL" is hereinafter referred to as the "Designating Party" or "Producing Party." The party or parties receiving the information designated "CONFIDENTIAL" are hereinafter referred to as the "Receiving Party."

4. A party may designate an ESI file, paper document or tangible thing as "CONFIDENTIAL" by applying, electronically or physically, as the case may be, the legend "CONFIDENTIAL," to each page of any copies of the document or thing supplied to the other party.

5. This Agreement shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or person with respect to the "CONFIDENTIAL INFORMATION." The fact that information is designated as "CONFIDENTIAL" under this Agreement shall not determine or affect what a court of competent jurisdiction may determine to be "CONFIDENTIAL."

6. All "CONFIDENTIAL INFORMATION" produced or exchanged in the course of this litigation shall be used solely for the purpose of discovery, preparation for and trial of this litigation.

## PROCEDURE FOR DISCLOSURE, USE AND ACCESS OF MATERIAL DESIGNATED AS "CONFIDENTIAL"

7. Access to material designated as "CONFIDENTIAL" shall be limited to the following persons:

    a. The parties to this litigation as identified in the above caption;

    b. Attorneys for the parties in this litigation who are not employees of any party or any party's parent, subsidiary, or affiliate. Attorneys for the parties shall include their respective associates, clerks, legal assistants, stenographic personnel, and other regular employees of said outside attorneys to whom it is necessary that the confidential material be shown for purposes of this litigation;

    c. In-house counsel for a party or any party's parent, subsidiary, or affiliate. In-house counsel shall include the attorneys, associates, clerks, legal assistants, stenographic personnel, and other regular employees to whom it is necessary that the confidential material be shown for purposes of this litigation;

    d. The trial court, the jury, and any appellate court presiding over an appeal of this action, subject to the provisions of Paragraph 10 below;

    e. Mediators;

    f. Court reporters and/or videographers present at any hearing, deposition or trial;

    g. Independent experts or consultants who are not employees of a party or a party's parent, subsidiary, or affiliate, and whose technical advice and

consultations are being or will be used in connection with the present litigation;

h. Officers, directors, employees and agents of each party, but only on a need to know basis;

i. Witnesses or prospective witnesses with a demonstrated need to know in connection with preparing for and giving testimony in the litigation; and

j. Such individuals and non-parties as might be ordered by the Court.

## TREATMENT AND DESIGNATION OF INFORMATION DISCLOSED DURING DEPOSITIONS

8. Information disclosed at a deposition by the party or non-party testifying or if the testimony of either party or non-party is based on a confidential document, that testimony may be designated as "CONFIDENTIAL INFORMATION" by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" and thus subject to the provisions of this Agreement. At that time, all persons not qualified to receive that category of information shall leave the room prior to continuation of the deposition. The transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or by the court reporter, as the Designating Party may direct.

9. A party may also designate information disclosed at such deposition as "CONFIDENTIAL INFORMATION" by notifying all attorneys of record in writing within twenty (20) days of receipt of the original transcript by the Designating Party, of the specific pages and lines of the transcript that should be treated as "CONFIDENTIAL," in which case all attorneys receiving such notice shall be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Designating Party.

## "CONFIDENTIAL" INFORMATION FILED WITH THE COURT

10. Any party seeking to file "CONFIDENTIAL" information with the Court must comply with Federal Rule of Civil Procedure 5.2, and where appropriate shall apply for and obtain the Court's permission to file such information under seal.

## REDACTION

11. This Agreement is for the purpose of protecting legitimate confidential business information, technical or professional trade secret information, confidential personnel information, confidential medical information, and not for suppression or secretion of evidence. Accordingly, any party invoking the protection of this Agreement by designating any ESI file, paper document, material, or any portion of testimony as "CONFIDENTIAL," shall, on request of counsel for an opposing party, specify the confidential business information, technical or professional trade secret information, confidential personnel information, or confidential medical information forming the basis of the claim of confidentiality being asserted. If the parties agree that redaction or deletion of the specified confidential information will protect the confidential information contained in the ESI files or paper documents, redactions or deletions of the specified confidential information shall release the other portions of the ESI files or paper documents from confidential status. If the parties do not agree the redaction or deletion of the ESI files or paper documents will protect the confidential information contained therein, or if the redaction or deletion requested by one party is unduly burdensome, the specified ESI files or documents shall remain confidential until otherwise ordered by the Court.

## RETURN OF DOCUMENTS, INCLUDING ESI

12. Within ninety (90) days after the conclusion of this litigation, including appeals, each party, upon written request, shall assemble and return (or, if the parties agree, destroy) all confidential material to the Designating Party. On request, a letter certifying such return or destruction shall be delivered by the Receiving Party to the Designating Party. All qualified persons who have been privy to the "CONFIDENTIAL INFORMATION" shall, even after conclusion of the litigation, be under a continuing duty not to reveal such information for so long as such information is not otherwise available to the public. However, no party shall be obligated to return any produced documents or produced things (or copies thereof) that were admitted into evidence at trial, and the attorneys of record for each party shall be entitled to retain all pleadings, motion papers, discovery responses (other than the Designating Party's produced ESI and documents designated as "CONFIDENTIAL INFORMATION"), deposition transcripts, legal memoranda, correspondence, and work product, except for copies attached thereto of the Designating Party's produced ESI and documents designated as "CONFIDENTIAL INFORMATION."

## NON-WAIVER "CLAWBACK" PROVISIONS AS TO CONFIDENTIAL INFORMATION

13. The inadvertent or unintentional disclosure by the Producing Party of information it believes should be designated as "CONFIDENTIAL INFORMATION," regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. In order to be entitled to this protection, there shall be no requirement for the Producing Party to prove that it took reasonable steps to prevent disclosure, including, without limitation, proof that its efforts to

review for confidential information or documents were reasonable. Information inadvertently or unintentionally disclosed without designation, or designated late, may be designated retroactively by providing written notice of the designation to the Receiving Party. Any disclosures made before such late designation shall be considered as legal disclosures. However, reasonable efforts shall be made by the Receiving Party after late designation to recover any documents, things, or testimony transcripts containing the information of which disclosure would have been improper had timely designation been made. Moreover, after late designation, the parties shall treat the subject matter as if timely designated except to the extent that disclosures before late designation have occurred.

## NON-WAIVER "CLAWBACK" PROVISIONS AS TO PRIVILEGED INFORMATION

14. The documents reviewed by the parties for possible production as relevant and responsive might include information protected from disclosure as "privileged" and not subject to discovery under Federal Rule of Civil Procedure 26(b)(5)(B), Federal Rule of Evidence 502, and/or another applicable source of law ("Privileged Material"). The Privileged Materials include, but are not limited to, attorney-client communications and work product. In view of the volume of ESI that the Parties anticipate will be involved in this case, a party may inadvertently produce and disclose privileged ESI despite its reasonable, best efforts to conduct a thorough pre-production review of all ESI and other documents. For this reason, the parties agree as follows:

    a. The inadvertent disclosure of any ESI or document which is subject to a legitimate claim that the ESI or document should have been withheld from disclosure as Privileged Material shall NOT waive any privilege or other applicable protective doctrine for that ESI or paper record or for the subject matter of the inadvertently disclosed document if the Producing Party, upon

becoming aware of the disclosure, promptly requests its return. The inadvertent disclosure also shall not estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine or any other legally-recognizable privilege at a later date. In order to be entitled to this protection, there shall be no requirement for the Producing Party to prove that it took reasonable steps to prevent disclosure, including, without limitation, proof that its efforts to review for privileged or confidential information or documents were reasonable.

b. Except in the event that the Receiving Party disputes the claim, any ESI or document that the Producing Party deems to contain inadvertently disclosed Privileged Material shall be, upon written request, promptly returned to the Producing Party or destroyed at the Producing Party's option. This includes all copies, electronic or otherwise, of any such information. In the event that the Producing Party requests destruction, the Receiving Party shall provide written certification of compliance within thirty (30) days of such written request.

c. In the event that the Receiving Party disputes the Producing Party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of Receiving Party for the sole purpose of seeking court determination of the issue, as specified by Federal Rule of Civil Procedure 26(b)(5)(B). The Receiving Party shall promptly present the information to the Court under

seal for a determination of the claim. If the Receiving Party disclosed the information before being notified, it must take reasonable steps to retrieve it. The Producing Party must preserve the information until the claim is resolved.

d. If the Receiving Party receives a document or ESI file that it in good faith believes is subject to a legally recognizable privilege or evidentiary protection, then the Receiving Party shall: (1) refrain from further review of the document or ESI once the privileged nature of the document or ESI is ascertained; (2) promptly notify the Producing Party in writing that it has discovered documents or ESI believed to be Privileged Material; (3) specifically identify the documents or ESI by Bates type control number range or hash value range; and (4) where possible, return, sequester, or destroy all copies of such documents and ESI, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the Receiving Party. Where such documents or ESI cannot be destroyed or separated, they shall not be reviewed, disclosed, or otherwise used by the Receiving Party. Notwithstanding, the Receiving Party is under no obligation to search or review Producing Party's documents or ESI to identify potentially privileged or work product protected documents or ESI.

e. Any such Privileged Material inadvertently disclosed by the Producing Party to the Receiving Party, shall be and remain the property of the Producing Party.

## GENERAL PROVISIONS

15. Any ESI and other material that has been designated as "CONFIDENTIAL" may be disclosed to any individual if it appears on the face of such ESI or other material that it was authored by or sent to or previously examined by such individual.

16. A party shall not be obligated to challenge the propriety of a designation of ESI and other material as "CONFIDENTIAL INFORMATION" at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. If any party to this litigation disagrees at any stage of these proceedings with a designation of ESI and other information as "CONFIDENTIAL INFORMATION," the parties shall try first to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, the party seeking to preserve confidentiality shall have the burden to establish such confidentiality in disputes brought to the Court for resolution. Confidentiality shall be preserved until the Court's resolution of the dispute.

17. Nothing shall prevent disclosure beyond the terms of this Agreement if the party designating the information expressly consents to such disclosure, either in writing or in the record of any proceeding in this case, or if the Court, after notice to all affected parties, orders such disclosure.

18. Nothing in the foregoing provisions of this Agreement shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of ESI, documents or other discovery material as that party may consider appropriate; nor shall any party be precluded from claiming that any matter designated hereunder is not entitled to protection or is entitled to a more limited form of protection than designated.

19. Nothing in this Agreement shall bar or otherwise restrict any attorney of record herein from rendering advice to his or her client with respect to this litigation and, in the course thereof, referring to or relying generally upon his examination of "CONFIDENTIAL INFORMATION" produced or exchanged herein, provided, however, that in rendering such advice and in otherwise communicating with his or her clients, the attorney shall not disclose the contents of the "CONFIDENTIAL INFORMATION" produced by another party herein which disclosure would be contrary to the terms of this Agreement.

20. This Agreement terminates and supersedes all prior understandings or agreements on the subject matter hereof.

21. No part of the restrictions imposed by this Agreement may be terminated, except by the written stipulation executed by the attorneys of record for each party, or by an order of the Court for good cause shown. Nothing herein shall prevent any Party from applying to the Court for a modification of this Agreement should the moving Party believe the Agreement as originally agreed upon is hindering its efforts to prepare for trial; or from applying to the court for further or additional protective Agreements; or from an Agreement between the Parties to any modification of this Agreement, subject to the approval of the Court.

22. This Agreement shall be binding on the Parties hereto and effective as of the date it is fully executed, regardless of whether or when the Court enters an order approving and directing compliance therewith.

23. This Agreement shall survive the final termination of this case regarding any retained documents or contents thereof.

24. The Court's approval of this Agreement shall constitute a final and binding Order of the Court under Federal Rules of Evidence 502(d) and (e).

Dated: May 5, 2021        By: _(signature)_
                              Ivan To Man Pang
                              8515 Main Street, #10G
                              Briarwood, NY 11435
                              Tel.: (917) 940-8942
                              Email: toman33@hotmail.com

                              PLAINTIFF PRO SE

Dated: April 7, 2021      By: _/s/Mary A. Smith_
                              Mary A. Smith, Esq.
                              Jackson Lewis P.C.
                              44 South Broadway, 14th Floor
                              White Plains, NY 10601
                              Tel.: (914) 872-8060
                              Fax: (914) 946-1216
                              E-mail: mary.smith@jacksonlewis.com

                              ATTORNEYS FOR DEFENDANTS

---

Nothing in this Order shall be construed as authorizing a party to file Confidential materials under seal without prior Court approval following a motion for leave to file under seal.
**SO ORDERED.**

_(signature)_
SARAH NETBURN
United States Magistrate Judge

Dated: May 14, 2021
       New York, New York

---