UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

IVAN TO MAN PANG,

                 **Plaintiff,**                                   20-CV-10019 (AJN)(SN)

               -against-                                 **ORDER**

CUSHMAN & WAKEFIELD, et al.,

                 **Defendants.**

-----------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

      Plaintiff filed a timely motion for reconsideration of the Court's February 17, 2022 Order denying his motion to compel. See ECF No. 86. None of the defendants has responded within the time allotted under Local Civil Rule 6.1(a).

      "A motion for reconsideration under Local Civil Rule 6.3 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" McGraw–Hill Glob. Educ. Holdings, LLC v. Mathrani, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995)). "The standard for reconsideration is strict, and ultimately, the decision is within the sound discretion of the trial court." Id. at 397–98 (citing Robbins v. H.H. Brown Shoe Co., No. 08-cv-6885 (WHP), 2009 WL 2496024, at *1 (S.D.N.Y. July 22, 2009)).

      Plaintiff argues that the Court erred in denying the motion to compel with respect to his "SIXTH request No. 5 and 6." Request No. 5 seeks the attendance and leave records for non-party Shelly Paul. Plaintiff claims he needs this information "to verify if she had applied for

UNUM of her Leave of Absence by the company's policy," to establish that he was treated differently with respect to leave policy. Request No. 6 seeks all emails between, on the one hand, any of three employees and, on the other, their supervisor, Anthony Ye. Plaintiff claims that these emails will "show the qualities and quantities of their actual work," to establish that their work did not justify their more favorable year-end evaluations.

Plaintiff does not argue that the Court overlooked a controlling decision or data that would justify reconsideration of its prior decision. Thus, the motion is denied for failing to meet the high standard on a motion for reconsideration. In the alternative, the motion is denied on the merits. Plaintiff claims he needs Ms. Paul's leave records to prove his gender discrimination claim. The Court denied this request because the privacy interests of Ms. Paul outweigh Plaintiff's need. Additionally, Plaintiff has questioned Anthony Ye about Ms. Paul's absences. With respect to the employee work emails, the Court denied this request on the ground that the burden of production outweighed the likely benefit. Defendants have represented that they have already produced these employees' year-end-reviews, compensation information, 10,000 responsive emails that include emails from Anthony Ye's account (and others), and an additional 40 pages of emails related to work submitted by employees other than Pang. ECF No. 81 at 6-7. Not only will searching additional emails be burdensome and cumulative, at best those emails will create collateral litigation over whether *those* employees' evaluations were fair. There is no basis to impose this burden on defendants.

The motion for reconsideration is denied.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         March 2, 2022